RANDOLPH, Justice,
for the Court.
¶ 1. In March of 2000, attorney Tammy L. Woolbright pled guilty to D.U.I. (third *885 offense) and was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC) with the sentence being suspended pending good behavior. After service of the Bar’s formal complaint seeking disbarment,- Woolbright did not respond. This Court entered an order disbarring Woolbright from the practice of law. See Miss. Bar v. Woolbright, 797 So.2d 208 (Miss.2000). Pursuant to the provisions of Rule 12 of the Mississippi Rules of Discipline, Woolbright was required to wait three years before being permitted to file her petition of reinstatement, which is now before the Court.[1]
FACTS
¶ 2. Woolbright was admitted to the bar in 1981. She engaged in the full time practice of law until the end of February of 2000 when she was charged with D.U.I. (third offense). The charges stemmed from a one-car accident in June of 1999. As part of her sentence, Woolbright was also ordered to pay a $2,000 fine and to complete an alcohol rehabilitation program with aftercare.
ANALYSIS
¶3. In its answer, the Bar states that it conditionally supports Woolbright’s petition. The conditions include: (1) that she' pass the bar examination as required under Rule 12.5 of the Mississippi Rules of Discipline; (2) that she complies with the provisions of Rule 25[2] of the Mississippi Rulés of Discipline; and (3) that she be required to continue to participate in a program, such as the Mississippi Lawyers and Judges Assistance Program (MLAP) or Alcoholics Anonymous (A.A.) for such a period of time as the Court deems reasonable and necessary.
¶ 4. This Court has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. When reviewing disciplinary matters this Court reviews the evidence de novo and on a case-by-case basis sitting as the trier of fact. In re Morrison, 819 So.2d 1181, 1183 (Miss. 2001).
¶ 5. The fundamental inquiry is whether the attorney has rehabilitated himself in conduct and character since the suspension was imposed. Id. at 1183. “A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required.” Id. (citations omitted).
¶ 6. ' Jurisdictional requirements that must be met prior to reinstatement, include:
(1) Each petitioner must include a list of names and addresses of persons, parties, firms, or legal entities who suffered pecuniary loss due to the attorney’s misconduct; (2) There must be a showing that the petitioner has made full amends and restitution or a statement to the effect that full amends and restitution is not appropriate or has been imposed; (3) The petitioner must show that he has the requisite moral character to be reinstated; and (4) The petitioner must show that he has the requisite legal learning to be reinstated to the privilege *886 of practicing law. Mississippi Rules of Discipline 12.7.
Id. at 1183-84.
¶ 7. First, it is undisputed that, other than Woolbright herself, no other person or entity suffered a pecuniary loss due to her improper conduct.
¶ 8. Second, as to full amends or restitution, Woolbright was ordered to pay the Bar costs and expenses resulting from the investigation and the prosecution of her disbarment. This Court disbarred by order entered October 5, 2000. Woolbright, 797 So.2d at 208. Those costs and expense amounted to $106.19 and were paid on October 6, 2000.
¶ 9. Following her arrest, Woolbright fully disclosed to her clients that she planned to plead guilty to a felony. She was proactive in ensuring that her clients were not adversely affected by her wrongful conduct. She entered her plea before the Circuit Court of Lee County and openly acknowledged her addiction to alcohol. She has sought and received treatment for this addiction. She promptly paid all fines and costs levied by this Court, the Bar and the circuit court. She satisfied the terms of her probation almost two years early. Woolbright has not directed blame to anyone other than herself or sought to diminish the severity of her transgression. Her responsible conduct is an important reason that this Court grants her petition.
¶ 10. Third, the analysis regarding the requisite moral character component is separated into several sub-categories.

Rehabilitation

¶ 11. Woolbright submits that she has completed an alcohol rehabilitation program and aftercare program as approved and operated through the MDOC and that she continues to attend the A.A. meetings associated therewith after her discharge from probation. She has completed an alcohol rehabilitation program for persons convicted of D.U.I.-2nd and “Subsequent Offenders” Program as approved by the Department of Mental Health. She continues to attend the after care program at the Robinson Abbot Center and is active in A.A.

Civic, Church and Charitable Involvement

¶ 12. Her community involvement includes the following activities:
1. Active member of the Greater Columbus Lions Club and participates in its service projects, including sight screening and providing glasses to needy persons.
2. She served as a volunteer at the Lee Park Construction and Renovation Project.
3. She solicits, collects and delivers clothing and toys for SafeHaven, Columbus, Mississippi, a shelter for abused and battered women and their children.
4. She solicits, collects and delivers magazines and other periodicals for Aurora Australis Nursing Home, Columbus, Mississippi, and Cherubs Personal Home Health Care Center.
5. She helped sponsor a reception for members of the staff for the Boys and Girls Club of Columbus, Mississippi and individuals and counselors of the alcohol and drug program operated through the Lowndes County Office of the Department of Corrections. The keynote speaker for that reception was Oliver McCall, a former heavy weight boxing champion whose topic was personal experience with drug and alcohol and its effects on his professional career and personal life.
6. She has participated in alcohol and drug abuse presentations at the *887 Lowndes County Juvenile Detention Center with former heavy weight boxing champion, Oliver McCall, which was held in September, 2000.
7. She is a member of Pleasant Hill Baptist Church, Steens, Mississippi but regularly attends New Covenant Baptist Church also in Steens, Mississippi.
8. Continues to attend and participates in AA meetings and renders help to others similarly situated.
9. She annually serves as a bell ringer for the Salvation Army’s Christmas Project.
10. She has served as a participant at the Samaritan’s Purse where she prepares Christmas gift boxes for delivery to children around the world.
11. She served as a volunteer at the Lowndes County Humane Society.

Employment Since Disbarment

¶ 13. Woolbright has not been gainfully employed since her disbarment. The bulk of her time has been devoted to caring for her ill mother who died in November, 2002.

Mental and Emotional Status

¶ 14. The Bar submits that Woolbright appears to be mentally and emotionally stable. It also cites the fact that she actively attends and participates in alcohol and drug abuse prevention programs such as A.A.

Future Plans

¶ 15. Woolbright seeks to resume the practice of law in Columbus, Mississippi. Her practice included criminal, domestic and civil issues.

Financial Situation

¶ 16. Woolbright has paid all taxes due to the state and federal governments for the time period since her disbarment and all prior years. She has filed all required tax returns during this period as well.
¶ 17. She is married to Frank Liebling, Esq. of Tupelo, Mississippi who has provided financial support since her disbarment. Other sources of income include a small amount generated from agricultural property and operations; rental income from a house; and a fee following her services as administratrix of her mother’s estate.
¶ 18. Last, regarding the final jurisdictional requirement, Woolbright claims that she has kept herself abreast of current legal issues. She has done so independently by using the legal resources provided at the Mississippi University for Women and through discourse with former associates. The Bar cites the fact that she will be required to pass the bar examination and that her success at this should satisfy the inquiry as to the sufficiency of Woolbright’s legal learning.
¶ 19. Woolbright’s petition is accompanied by numerous letters of recommendation supporting her reinstatement.[3]
CONCLUSION
¶20.- Woolbright’s lifestyle since her disbarment has evidenced a firm resolve to live a correct life. The overall tone of Woolbright’s petition is that of atonement *888 and remorse. She did not deny her conduct or contest either the criminal or professional penalties imposed. Woolbright has willingly admitted her guilt and accept her punishment without contest. Therefore, her petition is granted provided she satisfies the examination requirements of Rule 12.5 and continues to participate in substance abuse programs.
¶ 21. The circumstances giving rise to her disbarment followed a relapse, thus Woolbright is aware that a relapse is possible and that no one is technically “healed” from an addiction. Woolbright has been involved in A.A. The Bar administers a similar program named Mississippi Lawyers and Judges Assistance Program (“MLJAP”), which is tailored to the needs of its members. Woolbright is to attend A.A. meetings biweekly and enroll, and participate, in the MLJAP program. Her participation in A.A. and MLJAP shall last indefinitely, but no less than two years, after which she can petition this Court for such relief as would be appropriate at that time. The Court wants to ensure she has a support group in place once she reen-counters the pressures that accompany the practice of law. Her continued participation in these programs is both for her benefit and the benefit of others.
¶ 22. PETITION FOR REINSTATEMENT GRANTED CONTINGENT ON WOOLBRIGHT’S SATISFYING THE AFOREMENTIONED CONDITIONS.
SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.

. Because Woolbright’s conviction occurred prior to April 4, 2002, the prohibition on reinstatement in Rule 12(c) is not applicable.

. Rule 25 provides in part: “The petitioner shall be required to supply such supporting proof of personal capacity as may be necessary and, in addition, the attorney may be required to submit to examinations by physicians or psychiatrists selected by the Court.”

. Those who provided letters include: Bonnie York, Lynn Delk, Pam Aldridge, David Berg, Dr. George Myers, Lee County Sheriff Larry Presley, Lowndes County Sheriff Butch Howard, Charles Younger, Esther Harrison, former Governor Bill Allain, Circuit Judge Tommy Gardner, James Moore, Richard Burdine, Bennie Jones, Jim Waide, Retired Circuit Judge John "Mickey” Montgomery, David Van Every, Monique Montgomery, Joe Sams, Jr., Wilbur Colom, Tom Royals, Thomas May-field, Thomas Wallace, James Samuels, and Anthony Bluitt.